## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. TUNE.

(Court of Civil Appeals of Texas. Texarkana. March 21, 1912. Rehearing Denied May 16, 1912.)

TRIAL (§ 191*) — INJURY TO EMPLOYÉ — INSTRUCTIONS.

In an action by a brakeman for personal injuries from being struck by a swinging car door, an instruction to find for him if he was struck by the door while in the performance of his duty, and the door was swinging because the defendant had not used ordinary care to properly fasten it, was improper, as it assumed that the defendant in the use of ordinary care was required to have the door fastened; the matter thus assumed being a question for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by James Tune against the St. Louis Southwestern Railway Company of Texas. From judgment for plaintiff, defendant appeals. Reversed and remanded for new trial.

Glass, Estes, King & Burford, of Texarkana, and E. B. Perkins and D. Upthegrove, both of Dallas, for appellant. Hart, Mahaffey & Thomas and E. A. Smitha, all of Texarkana, for appellee.

WILLSON, C. J. Appellee, in discharging his duty as a brakeman employed by appellant, after mounting, or in attempting to mount, a car in its yards in Ft. Worth, fell from same, and as damages for injuries he thereby sustained recovered a judgment against appellant for $2,500. The car was of the kind known as "dump cars." It was uncovered and like an ordinary flat car, except that it was provided on each of its sides with framework intended to prevent cinders, gravel, etc., with which it might be loaded, from falling therefrom. This framework consisted of posts resting in iron sockets attached to the side of the car, and extending above the bed thereof about 3 feet. The

posts supported a piece of timber the length of the car. Doors 5 or 6 feet long, each made of boards 10 or 12 inches wide, swung from the piece of timber supported by the posts. When unfastened and swinging free, the bottoms of the doors stood out several inches from the floor of the car. When fastened by means of a contrivance provided for the purpose, the bottoms of the doors swung in even with the outer edge of the floor of the car, making the bed so formed wider at its top than at its bottom. Under the post at one of the ends of the car was a footrest, or stirrup, and on the post was a "grabiron," for use of employés whose duties required them to ride or climb upon the car. In his petition appellee alleged that the car was in unsafe condition due to the fact that "defendant," quoting, "had negligently allowed to become and remain loose one of the dump doors of said car, and he was on account of and by reason of the unsafe condition of said car, caused and brought about by the negligence of the defendant as aforesaid, knocked, thrown, and caused to fall from said car." In the fourth paragraph of his charge the trial court instructed the jury, if they did not find for appellant under other paragraphs thereof, to find for appellee if they believed "from the evidence that plaintiff was in the employ of defendant as a brakeman, and that while discharging his duty as such brakeman he mounted the ballast or gravel car of defendant while it was moving past him, and that a door of said car swung out and hit his arm and knocked his hand loose from the grabiron to which he was holding, and caused him to fall and be injured, and that the door swung out because the defendant had not used ordinary care to properly fasten said door." The portion of the charge set out is attacked as erroneous in several particulars. We think it was materially so only in that it assumed that appellant, in the discharge of its duty to use ordinary care to have the car in such a condition as to be reasonably safe for use appellee was expected to make of it, should have had the door fastened. Whether it should or not was a question which should have been submitted to and determined by the jury, for it did not conclusively appear from the testimony that the car was not reasonably safe for such use if the door was unfastened. If it was reasonably safe, notwithstanding the door was not fastened, then a duty to fasten the door did not rest on appellant, and therefore negligence on the part of appellant could not have been predicated upon its failure to properly fasten it, or to fasten it at all. The instruction plainly was erroneous, when considered, as it should be, with reference to the record; and, considered the same way, the error, we think, was of such a nature as to require a reversal of the judgment. Other objections urged by appellant we think do

not furnish a sufficient reason for setting the judgment aside.

The judgment will be reversed, and the cause remanded for a new trial.